CARNEY *v.* DUNN.

4-9912                                         252 S. W. 2d 827

Opinion delivered November 24, 1952.

*Donald S. Martz* and *J. S. Abercrombie,* for appellant.

*Byron Bogard,* for appellee.

HOLT, J. This litigation grew out of a dispute as to the correct division line between two adjoining residence lots in Little Rock.

The lots involved were described according to the recorded plat as Lot 1, Block 9, Jansen's Addition to the

City of Little Rock, and Lot 1, Block 1, Riffel & Rhoton's Addition to the City of Little Rock, the Jansen lot lying east of the Riffel & Rhoton lot.

The question presented is whether the boundary line should be fixed on the center line dividing the two lots in accordance with the recorded plat description above, or along a zigzag line marked partly by a hedge on the north end and a rock retaining wall on the south that is west of the center line some four feet on the north end and seven feet on the south.

Appellees brought the action asserting title to the disputed strip, sought injunctive relief and the removal of a make-shift "tin" garage partly on the strip. The trial court found that appellees "are the owners in fee of Lot 1, Block 1, Riffel & Rhoton's Addition to the City of Little Rock, Arkansas, as said addition is platted, and that the defendants have acquired no title to any portion of said lot by reason of any encroachments heretofore existing thereon, and that title in said lot should be quieted and confirmed in plaintiffs (appellees) and the defendant (appellants) should be restrained in interfering in any manner with the plaintiffs' peaceful possession thereof," and entered a decree in accordance therewith, establishing the true line as platted. This appeal followed.

For reversal appellants contend that the line marked by the hedge and rock wall was shown to be an agreed boundary line and also claimed the strip by adverse possession.

It is undisputed that Joe LePlant, Sr., acquired by deed Lot 1, Block 9, January 18, 1938, and also Lot 1, Block 1, March 21, 1942, that he sold Lot 1, Block 1, to Henry Carpenter August 3, 1946, and Carpenter in turn sold Lot 1, Block 1, to appellees, the Dunns, on March 18, 1949. Mr. LePlant died prior to 1950, and on August 3, 1950, his heirs conveyed Lot 1, Block 9, to appellants, the Carneys. It thus appears that Mr. LePlant as early as 1942 owned both of these lots at the same time, and in all the deeds effecting their conveyance, including those

to the parties here, no reference was made to the boundary line as hedge and wall as claimed by appellants. A legal description only was used in accordance with the recorded plat, simply describing the lots as above.

When Mr. LePlant sold Lot 1, Block 1, to Carpenter in 1946, Carpenter testified in effect that the boundary line between the two lots was discussed and agreed upon, and LePlant admitted that the hedge line was over some three feet on appellees' Lot 1, Block 1, and a survey by Carpenter showed the distance to be nearer four feet. When Mr. LePlant's attention was called to the survey, he said, "Well, I guess that is right," and further told Carpenter that "I am going to move that garage down there," which was partly over the line on appellees' lot. There was no misunderstanding about the true line while Carpenter owned Lot 1, Block 1. E. A. Dunn testified that at the time he purchased from Carpenter in 1949, Joe LePlant, Jr., (son of Joe LePlant, Sr.) told him that the survey above reflected the true line, that the hedge-wall line was not the true line, and that the garage was partly over the line on appellees' lot, and that they would remove it. Dunn's testimony appears not contradicted. Joe did not testify.

We conclude that when all the evidence is considered, the finding of the trial court that appellants had failed to establish the hedge as the agreed boundary line was not against the preponderance thereof. While Mr. LePlant, Sr., owned both lots, he clearly had the right to establish the true line between them to be the center line as platted and to so convey them under the recorded plat description without exceptions. This we hold the preponderance of the testimony shows he and his heirs did. The parties were bound by the descriptions in their deeds.

"Platted lots may be conveyed by numbers corresponding with those of a township survey or on a recorded plat." 26 C. J. S. 218 § 30d.

"In the absence of something in a deed clearly showing a different intention, a description of the land as a

certain lot or subdivision generally conveys the whole thereof. . . . The word "lot," when used unqualifiedly, means a lot in a township, as duly laid out by the original proprietors." 8 R. C. L. 1082, § 138.

Appellants' claim of title by adverse possession for a period of seven years is also untenable for the reason that the present suit was brought less than seven years after appellants bought Lot 1, Block 9, in 1950 from the LePlant heirs. *Barham* v. *Gattuso,* 216 Ark. 690, 227 S. W. 2d 151.

No errors appearing, the decree is affirmed.